IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | Case Number 2:02cr19(1) |
| | § | |
| TERRY WAYNE EVANS | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On April 15, 2009, the court held a final hearing on the government's petition (#46) to revoke supervised release. The government was represented by Assistant United States Attorney Mr. Jim Noble. The defendant was represented by Mr. Wayne Dickey.

Terry Wayne Evans was sentenced on November 25, 2003 before The Honorable U.S. District Judge T. John Ward of the Eastern District of Texas – Marshall Division, after pleading guilty to the offense of felon in possession of a firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. After the Court granted the defendant's motion for a downward departure, the guideline imprisonment range, based on a total offense level of 15 and a criminal history category of V, was 37 to 46 months. Terry Wayne Evans was subsequently sentenced to 37 months to be followed by three (3) years of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare, mental health treatment, financial disclosure and a $100 special assessment. On June 28, 2007, Terry Wayne Evans completed his period of imprisonment and began service of the supervision term.

On March 6, 2009, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following conditions:

1) The defendant shall not commit another federal, state or local crime. Specifically, the

government alleges as follows: On or about January 27, 2009, in or about Longview, Gregg County, Texas, Mr. Evans was found in possession of methamphetamine in violation of Texas Health and Safety Code Section 481.115. On this date, the Longview Police Department located a pair of men's Arizona brand pants inside room #122 of the Sunset Inn located at 1308 W. Marshall Ave. in Longview, Texas, which was rented to Terry Evans until 11:00 am on this date, and discovered a baggie in the left front pocket containing less than 1 gram of methamphetamine.

2) The defendant shall not illegally possess a controlled substance. Specifically, the government alleges as follows: On or about January 27, 2009, in or about Longview, Gregg County, Texas, Mr. Evans was found in possession of methamphetamine in violation of Texas Health and Safety Code Section 481.115. On this date, the Longview Police Department located a pair of men's Arizona brand pants inside room #122 of the Sunset Inn located at 1308 W. Marshall Ave. in Longview, Texas, which was rented to Terry Evans until 11:00 am on this date, and discovered a baggie in the left front pocket containing less than 1 gram of methamphetamine.

3) The defendant shall not commit another federal, state, or local crime. Specifically, the government alleges as follows: On or about January 27, 2009, Mr. Evans was arrested by the Longview, Texas, Police Department and charged with committing the office of public intoxication in violation of Texas Penal Code Section 49.02. Police officers were called to the Sunset Inn because of a disturbance. Upon arrival they made contact with Mr. Evans who appeared to be in a very disturbed mental state. Mr. Evans told officers that he had done a lot of meth that day and it was causing him to see things that were not there. Mr. Evans began to run out of the parking lot and officers had to use a taser to keep him from running into the street, to de-escalate the situation and to place him in custody.

4) The defendant shall not commit another federal, state, or local crime. Specifically, the

government alleges as follows: On or about January 27, 2009, in or about Longview, Gregg County, Texas, Mr. Evans was found in possession of drug paraphernalia - hypodermic syringes in violation of Texas Health and Safety Code Section 481.125. On this date, the Longview Police Department located inside room #122 of the Sunset Inn located at 1308 W. Marshall Ave. in Longview, Texas, which was rented to Terry Evans until 11:00 am on this date, a bag containing six (6) syringes. As of this writing, Mr. Evans has not been charged with this offense.

5) The defendant shall refrain from any unlawful use of a controlled substance. Specifically, the government alleges that the defendant violated this condition on three occasions. On May 7, 2008, Mr. Evans submitted a urine specimen that tested positive for the use of methamphetamine. Confirmation results were received from Kroll Laboratories on May 23, 2008. On July 3, 2008, Mr. Evans submitted a urine specimen that tested positive for the use of methamphetamine. Mr. Evans admitted to using methamphetamine about every four to five days. On February 18, 2009, Mr. Evans submitted a urine specimen that tested positive for the use of methamphetamine and marijuana. Mr. Evans admitted to using both illicit substances.

6) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. Specifically, the government alleges as follows: On or about January 27, 2009, Mr. Evans was arrested by the Longview, Texas, Police Department for committing the offense of public intoxication and failed to notify the U.S. Probation Office of this arrest.

7) The defendant shall notify the probation officer ten days prior to any change of residence or employment. Specifically, the government alleges as follows: On February 10, 2009, the U.S. Probation Office conducted an unannounced home visit at Mr. Evans' listed residence with his mother and no one was home. On February 18, 2009, Mrs. Moore, Mr. Evans' mother, stated that

he had not been staying at her house for the past several weeks and did not know where he was staying. Mr. Evans did not notify our office prior to changing his residence.

The court scheduled a final revocation hearing for April 15, 2009. At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled true to the fifth allegation as set forth above. The government abandoned the remaining allegations. Based on the defendant's plea of true to the fifth allegation, and with no objection by the defendant or the government, the court found that the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition. The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 18 months with no supervised release to follow.

The defendant requested that he receive drug abuse counseling/treatment during the term of his imprisonment.

Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the fifth allegation as set forth in the government's petition be **ACCEPTED**. Based upon the defendant's plea of true to the fifth allegation, it is further recommended that the Court find that the defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 18 months, with no term of supervised release to follow such term of imprisonment. It is further

**RECOMMENDED** that the defendant receive drug abuse counseling/treatment during the term of his imprisonment.

**RECOMMENDED** that the court request that the Bureau of Prisons place the defendant in its Texarkana, Texas, facility during the period of his confinement.

At the close of the April 15, 2009, revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the Court may act on the report and recommendation immediately.

SIGNED this 18th day of May, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE